1UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ERIC WENNINGER,<br><br>Plaintiff,<br><br>vs.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:26-cv-11370-BRM-KGA<br><br>HON. Brandy R. McMillion<br>United States District Judge<br><br>HON. Kimberly G. Altman<br>United States Magistrate Judge |

**DEFENDANT'S UNOPPOSED MOTION TO EXCUSE COMPLIANCE WITH LOCAL RULE 83.20(f)(1)**

Defendant, The Lincoln National Life Insurance Company ("Lincoln"), by its undersigned counsel, submits this Unopposed Motion to Excuse Compliance With Local Rule 83.20(f)(1) and would show the court as follows:

1. Counsel for Lincoln, Iwana Rademaekers, is admitted to practice in the Eastern District of Michigan and respectfully requests to be excused from the obligation to specify local counsel in this case in accordance with Local Rule 83.20(f). Local Rule 83.20(f) specifies "A member of the bar of this court who appears as attorney of record in the district court and is not an active member of the State Bar of Michigan must specify as local counsel a member of the bar of this court with an office in the district. … On application, the Court may relieve an attorney who is not an active member of the State Bar of Michigan of the obligation to specify

local counsel." Ms. Rademaekers is not an active member of the State Bar of Michigan.

2. Plaintiff initiated this action for disability benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA"). [Doc 1]

3. As an ERISA action, the matter will be decided by the Court on an ERISA administrative record and on the parties' briefs. Defendant submits that any oral argument in the case would be limited and easily performed by telephonic and electronic means, or counsel is willing to travel to the courthouse if necessary. Furthermore, Defendant contemplates that any discovery in the case would be limited in size and would pertain only to those limited areas in which ERISA discovery is permitted.

4. In addition to being admitted to several Federal Bars, the undersigned has represented Lincoln in numerous ERISA litigation cases in the United States District Courts and the United States Courts of Appeals in several jurisdictions across the country, including Michigan, Tennessee, Kentucky, and Ohio, which are also within the jurisdiction of the Sixth Circuit Court of Appeals.

5. As stated above, Lincoln's counsel is admitted to practice in the Eastern District of Michigan. Given the limited discovery, limited evidentiary record, and that this matter will be decided almost exclusively on the parties' written arguments,

waiving the local counsel involvement will ensure a just, speedy, and inexpensive determination of this action.

6. Pursuant to Local Rule 7.1(a), the undersigned sought concurrence from Plaintiff's counsel, Ilana S. Wilenkin, regarding this Unopposed Motion. Plaintiff's counsel has indicated that Plaintiff is unopposed.

WHEREFORE, Defendant, The Lincoln National Life Insurance Company, respectfully requests that the Court grants its Unopposed Motion to Excuse Compliance With Local Rule 83.20(f)(1), and relieve counsel from the obligation to specify local counsel.

Respectfully submitted,

/s/ Iwana Rademaekers

Iwana Rademaekers
(TX Bar No. 16452560)*
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
*Attorney for Defendant The Lincoln National Life Insurance Company*
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com
**Admitted to the Eastern District of Michigan*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2026, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Iwana Rademaekers
Iwana Rademaekers