UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ERIC WENNINGER,<br><br>Plaintiff,<br><br>vs.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:26-cv-11370-BRM-KGA<br><br>HON. Brandy R. McMillion<br>United States District Judge<br><br>HON. Kimberly G. Altman<br>United States Magistrate Judge |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Eric Wenninger ("Plaintiff"), and states as follows:

## I. Jurisdiction and Venue

1. Lincoln admits that Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and that this Court has jurisdiction under 28 U.S.C. § 1331. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee welfare benefit plan as defined by ERISA, along with other damages, and Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that Plaintiff was, at certain times, employed by Fisher & Company ("Fisher") and was, at certain times, a participant in the Fisher & Company Long-Term Disability Plan (the "LTD Plan") sponsored by Fisher to provide certain benefits to participating, eligible employees of Fisher. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that it issued Group Disability Income Policy No. GF3-890-4LF0041-01 (the "LTD Policy") to Fisher, which Policy, at certain times, insured benefits paid by the LTD Plan sponsored by Fisher to provide certain benefits to participating, eligible employees of Fisher. Lincoln admits that it issued Group Life Insurance Policy No. SA3-890-LF0041-01 (the "Life Policy") to Fisher, which Policy, at certain times, insured life insurance waiver of premium ("LWOP") benefits paid by the Fisher & Company Group Life Insurance Plan (the "Life Plan") sponsored by Fisher to provide certain benefits to participating, eligible employees of Fisher. Lincoln further admits only that it was, at certain times, the claims administrator of the LTD Plan under the LTD Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan or Life Plan. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. To the extent that Paragraph 4 contains legal conclusions, Lincoln is not required to answer. Lincoln admits only that Plaintiff exhausted

administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln further denies that Plaintiff timely exhausted administrative remedies pertaining to Plaintiff's claim for waiver of premium under the Life Policy. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. To the extent that Paragraph 5 contains legal conclusions, Lincoln is not required to answer. To the extent a response is required, Lincoln admits that venue is proper in this Court. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

## II. <u>Nature of Action</u>

6. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, along with LWOP benefits from the Life Plan, but Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln admits that Plaintiff's claims for recovery of benefits from the LTD Plan and the

Life Plan under their respective Policies are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)). Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

## III. The Parties

7. Lincoln admits that certain documents reflecting Plaintiff's date of birth are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence and, accordingly, denies this and all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that it is an Indiana corporation and that it is authorized to do business in Michigan. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that the LTD Plan and the Life Plan are employee welfare benefit plans as defined by ERISA. Lincoln admits that Plaintiff was, at certain times, employed by Fisher and was, at certain times, a participant in the LTD Plan and the Life Plan. Lincoln admits that by this action, Plaintiff is

seeking recovery of LTD benefits from the LTD Plan, along with LWOP benefits from the Life Plan, but Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

## IV. Factual Statement & Medical Support

10. Lincoln admits that Plaintiff was, at certain times, employed by Fisher as a Senior Supplier Quality Engineer. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that Fisher sponsored the LTD Plan and the Life Plan to provide certain benefits to participating, eligible employees of Fisher. Lincoln admits that Plaintiff was, at certain times, employed by Fisher and a participant in the LTD Plan and the Life Plan. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that Plaintiff's last day of work at Fisher was January 19, 2023. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that Plaintiff submitted claims for benefits from the LTD Plan and the Life Plan. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that it sent a letter to Plaintiff dated October 26, 2023, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that it received a letter from Plaintiff's counsel dated January 2, 2026, which is contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents.

Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits the allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits that transferable skills analyses/vocational reviews are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan

under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits that it sent a letter to Plaintiff dated March 19, 2025, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for

benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative

record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for

benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative

record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 54 of the Complaint.

55. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for

benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 55 of the Complaint.

56. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 56 of the Complaint.

57. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative

record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 59 of the Complaint.

60. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 60 of the Complaint.

61. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 61 of the Complaint.

62. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 62 of the Complaint.

63. Lincoln denies the allegations contained in Paragraph 63 of the Complaint.

64. Lincoln admits that it received a letter from Plaintiff's counsel dated January 2, 2026, which is contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 64 of the Complaint.

65. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 65 of the Complaint.

66. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 66 of the Complaint.

67. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 67 of the Complaint.

68. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 68 of the Complaint.

69. Lincoln admits that transferable skills analyses/vocational reviews are contained in the administrative record upon which Plaintiff's claims for benefits

from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln. Lincoln denies all remaining allegations contained in Paragraph 69 of the Complaint.

70. Lincoln admits that it sent a letter to Plaintiff's counsel dated January 28, 2026, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews and transferable skills analyses/vocational reviews are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln. Lincoln denies all remaining allegations contained in Paragraph 70 of the Complaint.

71. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 71 of the Complaint.

72. Lincoln admits that it sent a letter to Plaintiff's counsel dated February 13, 2026, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 72 of the Complaint.

73. Lincoln admits that certain documents concerning Plaintiff's income at Fisher are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 73 of the Complaint.

74. Lincoln admits that certain documents concerning Plaintiff's income at Fisher are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 74 of the Complaint.

75. Lincoln admits that certain documents concerning Plaintiff's income at Fisher are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 75 of the Complaint.

76. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the

administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 76 of the Complaint.

77. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 77 of the Complaint.

78. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 78 of the Complaint.

79. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 79 of the Complaint.

80. Lincoln admits that various phone notes reflecting communications between Plaintiff and Lincoln are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 80 of the Complaint.

81. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best

evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 81 of the Complaint.

82. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 82 of the Complaint.

83. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 83 of the Complaint.

84. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated

by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that various claim notes reflecting overpayment calculations are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 84 of the Complaint.

85. Lincoln admits that it received an email communication from Plaintiff dated October 11, 2024, and Lincoln refers to the email itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 85 of the Complaint.

86. Lincoln admits that various claim notes reflecting communications between Plaintiff and Lincoln are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that it sent an email communication to Plaintiff dated October 14, 2024, and Lincoln refers to the email itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 86 of the Complaint.

87. Lincoln admits that various phone notes reflecting communications between Plaintiff and Lincoln are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 87 of the Complaint.

88. Lincoln admits that various phone notes reflecting communications between Plaintiff and Lincoln are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 88 of the Complaint.

89. Lincoln admits that various emails reflecting communications between Plaintiff and Lincoln are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.

Lincoln denies all remaining allegations contained in Paragraph 89 of the Complaint.

90. Lincoln admits that various emails reflecting communications between Plaintiff and Lincoln are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 90 of the Complaint.

91. Lincoln admits that various claim notes and phone notes reflecting communications between Plaintiff and Lincoln regarding benefits calculations and overpayment calculations are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 91 of the Complaint.

92. Lincoln admits that various emails reflecting communications between Plaintiff and Lincoln are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln

refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 92 of the Complaint.

93. Lincoln admits that various claim notes reflecting benefits calculations and overpayment calculations are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 93 of the Complaint.

94. Lincoln admits that various emails reflecting communications between Plaintiff and Lincoln are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 94 of the Complaint.

95. Lincoln admits that various claim notes and phone notes reflecting communications between Plaintiff and Lincoln regarding benefits calculations and overpayment calculations are contained in the administrative record upon which

Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 95 of the Complaint.

96. Lincoln admits that various claim notes reflecting benefits calculations and overpayment calculations are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 96 of the Complaint.

97. Lincoln admits that various claim notes and phone notes reflecting communications between Plaintiff and Lincoln regarding benefits calculations and overpayment calculations are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 97 of the Complaint.

98. Lincoln admits that various claim notes reflecting communications between Plaintiff and Lincoln regarding benefits calculations and overpayment

calculations are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 98 of the Complaint.

99. Lincoln admits that it sent a letter to Plaintiff dated December 30, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 99 of the Complaint.

100. Lincoln admits that the LTD Policy states the "Governing Jurisdiction is Michigan." Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence and, accordingly, denies this and all remaining allegations contained in Paragraph 100 of the Complaint.

101. Lincoln admits that various claim notes reflecting benefits calculations and overpayment calculations are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 101 of the Complaint.

102. Lincoln admits that various emails reflecting communications between Plaintiff and Lincoln are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 102 of the Complaint.

103. Lincoln admits that various emails reflecting communications between Plaintiff and Lincoln are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 103 of the Complaint.

104. Lincoln admits that various claim notes and phone notes reflecting overpayment calculations are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 104 of the Complaint.

105. Lincoln admits that various claim notes reflecting benefit calculations are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 105 of the Complaint.

106. Lincoln admits that various emails reflecting communications between Plaintiff and Lincoln are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 106 of the Complaint.

107. Lincoln admits that various emails reflecting communications between Plaintiff and Lincoln are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 107 of the Complaint.

108. Lincoln admits that various claim notes reflecting benefit calculations are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 108 of the Complaint.

109. Lincoln admits that various claim notes reflecting benefit calculations are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 109 of the Complaint.

110. Lincoln admits that various claim notes reflecting overpayment calculations are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 110 of the Complaint.

111. Lincoln admits that various claim notes reflecting benefit calculations are contained in the administrative record upon which Plaintiff's claims for

benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 111 of the Complaint.

112. Lincoln admits that various claim notes reflecting benefit calculations are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 112 of the Complaint.

113. Lincoln admits that various emails reflecting communications between Plaintiff and Lincoln are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 113 of the Complaint.

114. Lincoln admits that various claim notes reflecting overpayment calculations are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life

Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 114 of the Complaint.

115. Lincoln admits that various emails reflecting communications between Plaintiff and Lincoln are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 115 of the Complaint.

116. Lincoln admits that various claim notes reflecting overpayment calculations are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 116 of the Complaint.

117. Lincoln admits that various claim notes reflecting overpayment calculations are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the

administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 117 of the Complaint.

118. Lincoln admits that various claim notes reflecting overpayment calculations and Plaintiff's reimbursement are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies the remaining allegations contained in paragraph 118 of the Complaint.

119. Lincoln admits that various emails reflecting communications between Plaintiff and Lincoln are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 119 of the Complaint.

120. Lincoln admits that various claim notes reflecting communications between Plaintiff and Lincoln regarding benefits calculations are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated

by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 120 of the Complaint.

121. Lincoln admits that various claim notes reflecting communications between Plaintiff and Lincoln regarding benefits calculations are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 121 of the Complaint.

122. Lincoln admits that various claim notes reflecting overpayment calculations are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 122 of the Complaint.

123. Lincoln admits that various emails reflecting communications between Plaintiff and Lincoln are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln

refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 123 of the Complaint.

124. Lincoln admits that various emails reflecting communications between Plaintiff and Lincoln are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the LTD Policy and from the Life Plan under the Life Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 124 of the Complaint.

125. Lincoln admits it sent a letter to Plaintiff dated January 28, 2026, and Lincoln to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 125 of the Complaint.

126. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with other damages, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 126 of the Complaint.

127. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with other damages, and Lincoln

denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 127 of the Complaint.

128. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with other damages, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 128 of the Complaint.

129. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with other damages, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 129 of the Complaint.

130. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with other damages, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 130 of the Complaint.

131. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with other damages, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 131 of the Complaint.

132. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with other damages, and Lincoln

denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 132 of the Complaint.

133. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with other damages, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 133 of the Complaint.

134. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with other damages, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 134 of the Complaint.

135. To the extent that the allegations contained in Paragraph 135 seek to interpret the provisions of the LTD Policy, Lincoln refers to the LTD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 135 of the Complaint.

136. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims,

issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln further denies that Plaintiff timely exhausted administrative remedies pertaining to Plaintiff's claim for waiver of premium under the Life Policy. Lincoln denies all remaining allegations contained in Paragraph 136 of the Complaint.

137. To the extent that the allegations contained in Paragraph 137 seek to interpret the provisions of the LTD Policy, Lincoln refers to the LTD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 137 of the Complaint.

138. Lincoln denies all allegations contained in the WHEREFORE paragraph and denies that Plaintiff is entitled to the relief sought therein.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for further benefits from the LTD Plan under the LTD Policy was arbitrary and capricious because the LTD Policy

and relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

4. Plaintiff failed to timely exhaust administrative remedies pertaining to Plaintiff's claim for waiver of premium under the Life Policy.

4. Plaintiff's claims are barred to the extent the Complaint was not filed within the LTD Policy's or the applicable statutory limitations period.

5. Lincoln reserves the right to assert additional defenses.

**PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted,

*/s/ Iwana Rademaekers*
Iwana Rademaekers
(TX Bar No. 16452560)*
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
*Attorney for Defendant*
17304 Preston Road, Suite 800
Dallas, Texas 75252

Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

**Admitted to the Eastern District of Michigan*

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2026, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Iwana Rademaekers*
Iwana Rademaekers